UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSE GAMEZ, on behalf of himself and all
others similarly situated,

                              Plaintiff(s),

        -against-

LENA JESS ENTERPRISES, INC. d/b/a D & D
LANDSCAPE DESIGN & CONSTRUCTION,
INC., J & D D'AMICO ENTERPRISES CORP.,
JANET D'AMICO, individually, and DEAN
D'AMICO, individually,

                              Defendant(s).
---------------------------------------------------------X

**Case No.:  16-CV-6361**

**COMPLAINT**

       Plaintiff JOSE GAMEZ, on behalf of himself and all others similarly situated, by and through his attorneys McLaughlin & Stern, LLP, complaining of the defendants LENA JESS ENTERPRISES, INC. d/b/a D & D LANDSCAPE DESIGN CONSTRUCTION, INC. (hereinafter "LENA JESS"); J & D D'AMICO ENTERPRISES CORP. d/b/a D & D LANDSCAPE DESIGN CONSTRUCTION, INC. (hereinafter "J&D"); JANET D'AMICO, individually and DEAN D'AMICO, individually, (collectively "D & D LANDSCAPE," "defendants" or "defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon defendants' violation of the Fair Labor Standard Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, the New York Labor Law (hereinafter referred to as "NYLL") and other appropriate rules, regulations, statutes and ordinances.

**JURISDICTION & VENUE**

2. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. Defendants do business in the State of New York, within the Eastern District of New York, maintaining a place of business at 5640 Old Sunrise Highway, Massapequa, New York 11758.

5. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

6. Plaintiff JOSE GAMEZ is a resident of the County of Nassau, State of New York.

7. At all times relevant to the Complaint, plaintiff JOSE GAMEZ was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8. Plaintiff JOSE GAMEZ was employed by defendants from in or around July 2010 until in or around December 2014.

9. That during the course of his employment with defendants, plaintiff JOSE GAMEZ was a landscape and construction worker.

10. Upon information and belief, defendant LENA JESS was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

11. Upon information and belief, defendant LENA JESS' place of business was and still is 5640 Old Sunrise Highway, Massapequa, New York 11758.

12. Upon information and belief, defendant LENA JESS was and still is engaged in the landscape design and construction business.

13. At all times hereinafter mentioned, defendant LENA JESS was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

14. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO owns and/or operates the defendant LENA JESS.

15. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is the President of the defendant LENA JESS.

16. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO, is the Vice-President of the defendant LENA JESS.

17. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is a shareholder of the defendant LENA JESS.

18. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is a corporate officer of the defendant LENA JESS.

19. Upon information and belief, and at all time hereinafter mentioned, the defendant DEAN D'AMICO is the Chief Executive Officer of the defendant LENA JESS.

20. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is an agent of the defendant LENA JESS.

21. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO has the authority over personnel decisions for the defendant LENA JESS.

22. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO has authority over payroll decisions for the defendant LENA JESS.

23. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO supervised employees of the defendant LENA JESS.

24. Defendant DEAN D'AMICO has the power to make binding decisions for defendant LENA JESS.

25. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO owns and/or operates the defendant LENA JESS.

26. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is the President of the defendant LENA JESS.

27. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO, is the Vice-President of the defendant LENA JESS.

28. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is a shareholder of the defendant LENA JESS.

29. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is a corporate officer of the defendant LENA JESS.

30. Upon information and belief, and at all time hereinafter mentioned, the defendant JANET D'AMICO is the Chief Executive Officer of the defendant LENA JESS.

31. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is an agent of the defendant LENA JESS.

32. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO has the authority over personnel decisions for the defendant LENA JESS.

33. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO has authority over payroll decisions for the defendant LENA JESS.

34. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO supervised employees of the defendant LENA JESS.

35. Defendant JANET D'AMICO has the power to make binding decisions for defendant LENA JESS.

36. Upon information and belief, defendant J&D was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

37. Upon information and belief, defendant J&D's place of business was and still is 5640 Old Sunrise Highway, Massapequa, New York 11758.

38. Upon information and belief, defendant J&D was and still is engaged in the landscape design and construction business.

39. At all times hereinafter mentioned, defendant J&D was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

40. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO owns and/or operates the defendant J&D.

41. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is the President of the defendant J&D.

42. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO, is the Vice-President of the defendant J&D.

43. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is a shareholder of the defendant J&D.

44. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is a corporate officer of the defendant J&D.

45. Upon information and belief, and at all time hereinafter mentioned, the defendant DEAN D'AMICO is the Chief Executive Officer of the defendant J&D.

46. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO is an agent of the defendant J&D.

47. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO has the authority over personnel decisions for the defendant J&D.

48. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO has authority over payroll decisions for the defendant J&D.

49. Upon information and belief, and at all times hereinafter mentioned, the defendant DEAN D'AMICO supervised employees of the defendant J&D.

50. Defendant DEAN D'AMICO has the power to make binding decisions for defendant J&D.

51. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO owns and/or operates the defendant J&D.

52. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is the President of the defendant J&D.

53. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO, is the Vice-President of the defendant J&D.

54. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is a shareholder of the defendant J&D.

55. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is a corporate officer of the defendant J&D.

56. Upon information and belief, and at all time hereinafter mentioned, the defendant JANET D'AMICO is the Chief Executive Officer of the defendant J&D.

57. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO is an agent of the defendant J&D.

58. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO has the authority over personnel decisions for the defendant J&D.

59. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO has authority over payroll decisions for the defendant J&D.

60. Upon information and belief, and at all times hereinafter mentioned, the defendant JANET D'AMICO supervised employees of the defendant J&D.

61. Defendant JANET D'AMICO has the power to make binding decisions for defendant J&D.

62. At all times hereinafter mentioned, defendant DEAN D'AMICO was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

63. At all times hereinafter mentioned, defendant JANET D'AMICO was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

64. Defendants LENA JESS and J&D, both d/b/a D&D LANDSCAPE DESIGN & CONSTRUCTION, INC., comprise an "enterprise engaged in interstate commerce" and are joint employers of plaintiff and others similarly situated.

65. The defendant enterprise has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials

7

that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

66. LENA JESS and J&D have a high degree of interrelated and unified operations, centralized control of labor relations, common control, common location, common business purpose, interrelated business goals and common ownership and management.

67. At all times hereinafter mentioned, defendants employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

## FACTS

68. Plaintiff JOSE GAMEZ began his employment with Defendants as a laborer in or around July 2010.

69. His responsibilities included nonexempt work, including general landscaping and construction labor.  Plaintiff was terminated in or around December 2014.

70. At all times hereinafter mentioned, Plaintiff was required to be paid overtime pay at the statutory rate of one and one-half (1 and 1/2) times his regular rate of pay after he had worked forty (40) hours in a work week.

71. Plaintiff routinely worked fifty (55) to sixty (66) hours per week with Defendants, typically working from 7 A.M until 6 P.M. five (5) to six (6) days per week.  Plaintiff was routinely compensated at a flat rate of $500 per week, regardless of the number of hours he worked.

72. Defendants failed to compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times his regular hourly rate, throughout the term of his employment.

73. On numerous occasions, Plaintiff did not receive the thirty (30) minute uninterrupted meal break for employees who worked shifts in excess of six (6) hours that extend over the noonday meal period.

74. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate time sheets, payroll records, and post compliance posters.

75. Defendants failed to provide the plaintiffs with written wage notices as required under the New York Wage Theft Prevention Act.

76. Defendants failed to provide Plaintiffs with written wage statements as required under New York Labor Law.

## COLLECTIVE ACTION CLAIMS

77. Upon information and belief, there are approximately ten (10) or more current and former employees that are similarly situated to the plaintiff JOSE GAMEZ, who have been denied overtime compensation.  The plaintiff JOSE GAMEZ represents other laborers and is acting on behalf of the defendant's current and former employees' interests as well as his own interests in bringing this action.

78. Plaintiff JOSE GAMEZ seeks to proceed as a collective action with regard to the First and Third Causes of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

All persons who are currently, or have been employed by the defendants as laborers, at any time during the three (3) years prior to the filing of their respective consent forms.

79. Former and current employees similarly situated to plaintiff JOSE GAMEZ are readily identifiable and locatable through use of defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such notice, persons similarly situated to the plaintiff JOSE GAMEZ who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which have been unlawfully withheld from them by defendants.

**AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF JOSE GAMEZ,
AND THE FLSA COLLECTIVE CLASS,
A FLSA VIOLATION**

80. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "79" of the Complaint, with the same force and effect, as if fully alleged herein.

81. Defendant employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

82. The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to him.

83. As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendant is indebted to him in the amount of the

unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS JOSE GAMEZ
FOR FAILURE TO PAY OVERTIME,
A NYLL VIOLATION**

84. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "83" of the Complaint, with the same force and effect, as if fully alleged herein.

85. Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the NYLL.

86. The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to him.

87. By the course of conduct set forth above, defendant has violated NYLL § 650 *et seq*.; 12 N.Y.C.R.R. § 142-1.4.

88. Defendant had a policy and practice of refusing to pay overtime compensation to its employees, which included plaintiff.

89. Defendant's failure to pay overtime compensation to the plaintiff was willful within the meaning of NYLL § 663.

90. As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendant is indebted to him in the amount of the

unpaid overtime compensation and such other legal and equitable relief due to the defendant's unlawful and willful conduct, as the Court deems just and proper.

91. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendant as provided by the NYLL.

### AS FOR A THIRD CAUSE OF ACTION
**(Violation of Notice and Record Keeping Requirements, N.Y. Lab. Law § 195, Brought by Plaintiffs)**

92. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "91" of the Complaint, with the same force and effect, as if fully alleged herein.

93. Defendants failed to supply each plaintiff with a notice as required by NYLL, Article 6, § 195, in English or in the language identified by each plaintiff as his primary language, containing employee's rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

94. Defendants failed to supply each plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates,

if applicable; the number of hours worked, including overtime hours worked, if applicable; deductions; and net wages.

95. Due to Defendants' violations of NYLL § 195, Plaintiffs are entitled to damages of fifty dollars for each workweek that defendants failed to provide plaintiffs with a wage notice, or a total of twenty-five hundred dollars, and damages of one hundred dollars for each workweek that defendants failed to provide plaintiffs with accurate wage statements, or a total of twenty-five hundred dollars, for each plaintiff, as provided by NYLL, Article 6, § 198, reasonable attorneys' fees, costs and injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff JOSE GAMEZ, on behalf of himself and the putative FLSA Collective Class, prays for the following relief on the first cause of action:

    a.        Certification of this action as a collective action brought pursuant to the FLSA, 29 USC § 216(b);

    b.        Designation of the plaintiff as representative of the Class Members;

    c.        Judgment against the defendants that the defendants' violations of the FLSA were willful;

    d.        Judgment against the defendants that the defendants' violations of the NYLL were willful;

    e.        Judgment against the defendants for the maximum penalties allowed by the NYLL;

f.        Judgment against the defendants for an amount equal to unpaid back wages at the applicable overtime rate;

g.        Judgment against the defendants for unpaid minimum wage;

h.        Liquidated damages at the applicable rate;

i.        To the extent liquidated damages are not awarded, an award of prejudgment interest;

j.        All costs and attorneys' fees incurred prosecuting these claims; and

k.        For such other relief as the Court deems just and equitable.

Date:   November 1, 2016
       Great Neck, New York

*Jose G. Santiago*
Jose G. Santiago, Esq.
jsantiago@mclaughlinstern.com
McLaughlin & Stern, LLP
1010 Northern Blvd., Suite 400
Great Neck, New York 11010
(516) 829-6900

14